**FRANCIS, Guardianship, In re.**

Ohio Appeals, Second District, Montgomery County.

No. 2349. Decided November 30, 1956.

Dow, Lohnes & Albertson, Washington, D. C., Curtner, Brenton & O'Hara, Dayton, By Clifford R. Curtner, of Counsel, for appellant.

W. L. Metzger, Chief Atty., D. F. Liebman, Atty., Veterans' Administration, Cincinnati, for appellee.

**OPINION**

By THE COURT:

After the appeal on the merits had been briefed, and while the oral presentation of counsel of the parties was in progress, it was suggested that a motion of appellee filed in the case had not been brought to our attention. The motion is to dismiss the appeal and must first be considered. It is based on the claim that, as the appeal is prosecuted by the guardian in her representative capacity and is from a judgment favorable to the estate of the minor whom she represents, the estate has

not been aggrieved and the appeal should not be entertained in this Court.

Appellant concedes that the party appealing must present a cause which, if established, affects a substantial right of the appellant but insists that, as the costs in the purported appeal in the common pleas court were assessed against the appellant, a different holding in this Court will compel the appellee to pay them. This is true, but the costs are minor as compared to the pecuniary loss to the estate of the minor if the guardian sustains her contention here. The several other arguments advanced by the appellant do not, in our opinion, overcome the strength of appellee's position on the motion. The over-all effect of the appeal, if the claim of appellants is maintained in this Court, will result in substantial reduction in the assets of the estate of the minor and could not be favorable, in effect, to the appellant.

The appeal is based on the right of her counsel to be paid fees for representing the estate and is for their personal benefit. They have substantial equities upon the facts developed and whether or not they may recover for services concededly rendered the estate is, indeed, an interesting question if it could be reached on this appeal.

We have no choice but to sustain the motion. It will be so ordered.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.